## John G. Skiple, Appellant, v. Johnson Chair Company, Appellee.

### Gen. No. 17,926.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913.

Skiple v. Johnson Chair Co., 182 Ill. App. 66.

## Statement of the Case.

Action by John G. Skiple against Johnson Chair Company, a corporation, for injuries received by plaintiff while in the employ of defendant as a carpenter. From a judgment entered upon a verdict directed for defendant, plaintiff appeals.

Walter W. Ross, George Mackay and Ray & Pease, for appellant.

Frank M. Cox and R. J. Fellingham, for appellee.

## Abstract of the Decision.

Mr. Justice Fitch delivered the opinion of the court.

1. Master and servant, § 685*—*when averment of negligence not proved.* In action by servant to recover for injuries sustained by a falling door, which had been temporarily set up on uneven ground against a building, a count in the declaration charging defendant with negligence in not providing plaintiff with a safe place to work, because of the uneven condition of the ground, is not sustained by the evidence where the evidence does not show that the condition of the ground caused the door to fall.

2. Master and servant, § 698*—*when evidence insufficient to sustain charge of negligence.* A count alleging that defendant negligently exposed the plaintiff to extraordinary hazard will not warrant recovery where there is no evidence that plaintiff did not have full knowledge of the danger or that he did not fully understand and appreciate it.

3. Master and servant, § 411*—*when negligent order of master does not relieve from assumption of risk.* A negligent peremptory order of master does not relieve from assumption of risk where servant has full knowledge of the dangers or the dangers are so apparent to any one of ordinary intelligence that servant is not misled thereby.

4. Master and servant, § 191*—*duty of master to servant of dangers.* No duty rests upon employer to warn servant of dangers which are obvious.

5. Master and servant, § 191*—*duty of master to instruct experienced servants as to method of work.* Employer not required to instruct an experienced carpenter as to what precautionary

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

method, if any, was necessary to prevent a door temporarily placed against building from falling.

6.  MASTER AND SERVANT, § 376*—*risks assumed by servant.* It is not the law in this state that an employe assumes only such risks as cannot be obviated by the adoption of precautionary measures by the master.